IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES ADKINS,**

    Petitioner,

v.

                                    Criminal Action No. 1:13cr17-1
                                    Civil Action No. 1:17cv113
                                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On June 27, 2017, the *pro se* Petitioner, a former federal inmate, now serving a term of supervised release[1] and residing in Bridgeport, West Virginia, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 404.

The undersigned issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion [ECF No. 404] under 28 U.S.C. §2255.

### II. Facts

**A. Conviction and Sentence**

The Petitioner was charged as one of two defendants in a ten-count fourth superseding indictment with a forfeiture allegation on August 6, 2013. ECF No. 125. On August 8, 2014, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count One, charging him with failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a), and to Count Two, conspiring to knowingly and corruptly attempt to obstruct, influence, and impede any official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 1512(k). The Petitioner's plea agreement

---

[1] Per the United States Probation Office in Clarksburg, West Virginia, Petitioner's supervised release will continue until 2021.

contained a waiver of the right to appeal his sentence or to appeal any other issue in his case on any ground whatsoever. ECF No. 265 at 5 – 6.

On the same day he entered his plea, Petitioner was sentenced to a term of 51 months imprisonment on both counts, to run concurrent with each other, with credit for time served since February 22, 2013, to be followed by five years' supervised release on Count One, and three years' supervised release on Count Two, both to run concurrently.  ECF No. 267.

B. **Direct Appeal**

On appeal, Petitioner argued that defense counsel lied to him when he told Petitioner that "the plea agreement was the only viable solution to . . . [my] case." ECF No. 301 at 1. The Government moved to dismiss the appeal as barred by Adkins' waiver of the right to appeal in the plea agreement. By Order entered June 30, 2015, a three judge panel of the Fourth Circuit Court of Appeals dismissed the appeal finding that the appeal fell squarely within the compass of Petitioner's waiver of appellate rights. ECF No. 317.  Adkins' petition for writ of *certiorari* with the United States Supreme Court was denied on October 5, 2015.

C. **Federal Habeas Corpus**

**1) First Motion to Vacate**

On November 2, 2016, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF No. 382. In his later-filed court approved form motion, Petitioner asserted four grounds for relief, which were reordered and condensed for clarity into two:  1) he had legal documents to support his claim, proving his innocence [ECF No. 389 at 5]; and 2) defense counsel Tom Dyer and appellate counsel Ryan Kennedy were ineffective, misled and misguided him, failed to properly represent him and violated his civil rights [id. at 6 & 10], when a) defense counsel Tom Dyer refused to provide him with full discovery and would not present the legal documents that would have proven his innocence; and b)

2

appellate counsel Ryan Kennedy wanted to argue with him; would not use the legal documents that would have proven his innocence [id. at 8]; and would not file his claims of ineffective assistance of counsel. Id. at 7.

A December 7, 2016 Report and Recommendation ("R&R") by Magistrate Judge James E. Seibert recommended dismissal of Petitioner's motion as untimely. ECF No. 396. After consideration of Petitioner's objections, on December 19, 2016, the court adopted the R&R and dismissed the Motion to Vacate. ECF No. 401.

**2) Second and Instant Motion to Vacate**

Although Petitioner only lists four grounds for relief, he actually raises six; they are reordered here:

1)  The indictment was incorrect; defense counsel, Tom Dyer changed Count One of the indictment from a charge of "false decorating to the court" to a violation of 18 U.S.C. § 2550, and told Petitioner that the Government had a "last minute change of venue." ECF No. 404 at 14.

2)  His plea was coerced by intimidation and was therefore involuntary. Id. at 2 & 14.

3)  He has legal documents to show that he was not guilty of Count One [id. at 5];

4)  The Government used a "check in/check out" time on a motel receipt to establish a check in/check out date, but the receipt contained a typographical error [id. at 6];

5)  he had 6 – 8 witnesses who claimed the U.S. Marshals and State Police harassed them, but his attorney did nothing on Petitioner's behalf to "save" his witnesses [id. at 8]; and

6)  counsel was ineffective, for

    a)  failing to explain anything regarding the plea agreement to Petitioner, but instead, assuring him that "everything was in order." Petitioner did not have his prescription eyeglasses with him when he signed the plea agreement, and was unaware that Count One had been changed [id. at 14]; and

    b)  duping Petitioner into pleading guilty, because Count One was not supposed to be a violation of 18 U.S.C. § 2550; rather, it was supposed to be for "false decorating to the court [sic]." Petitioner avers that he did not

3

violate 18 U.S.C. § 2550 and that he would never have pled guilty to the charge. Id. at 10.

In response to the question on the court-approved form motion to vacate regarding whether his motion is timely, Petitioner stated "[l]egal Documents [sic] I have will prove my innocence." Id. at 13. He asks the court to "accept the legal documents that prove[] my innocence . . .[and] look past the statute of limitations." Id. at 14.

Although Petitioner's motion requests no specific relief, based on the grounds stated within it, the undersigned assumes that he is seeking to have his criminal conviction on at least Ground One vacated. Id. at 15.

### III. Analysis

**A. Second or Successive**

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that Petitioner's prior habeas petition was dismissed on the merits.[2] ECF No. 401. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion,

---

[2] Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

### IV. Recommendation

Based upon the foregoing, the undersigned recommends that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 404] be **DENIED** and **DISMISSED** as an unauthorized second and successive motion.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); *cert denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 11, 2017

/s/ *Michael J. Aloi*_____
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE